COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


LINK L. THOMPSON

MEMORANDUM OPINION[*] BY

v.    Record No. 0330-99-3       JUDGE JERE M. H. WILLIS, JR.

MARCH 28, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

B. Leigh Drewry, Jr., for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from his conviction of driving after having been declared an habitual offender, in violation of Code § 46.2-357, Link L. Thompson contends (1) that his habitual offender adjudication was void because it was based on process served upon him while he was in court on a criminal matter, and (2) that the trial court erred in finding that he had been adjudicated an habitual offender. Because we find that Thompson was not lawfully adjudicated an habitual offender, we reverse his conviction and order the charge against him dismissed. We do not address the service of process issue.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On August 28, 1997, in the Lynchburg General District Court, Thompson was tried for driving on a suspended license. After convicting him of that charge, the general district court directed that an habitual offender show cause order be served on Thompson. The sheriff served Thompson while he was still at the Lynchburg General District Court.

On January 13, 1998, the Lynchburg General District Court tried the issues raised by the show cause order. It used a form order. The general district court judge checked boxes on the form indicating:

THOMPSON WAS THIS DAY:

(1) present

ON THE EVIDENCE HEARD BEFORE ME THIS DAY, I FIND:

(1) that [Thompson] is the same person named in the record,

(2) that [Thompson] was convicted of each offense shown by the transcript or abstract,

(3) that [Thompson] is an habitual offender.

AND IT IS THEREFORE ORDERED:

(1) that [Thompson's] driver's license be forthwith revoked and [Thompson] is directed not to operate a motor vehicle on the highways in the Commonwealth. [Thompson] is further ordered to surrender to the Clerk of this Court all licenses or permits to drive a motor vehicle on the highways of this Commonwealth for disposal in the manner provided in § 46.2-398. [Thompson] is advised that violation of this

-

order by the operation of a motor vehicle may subject [Thompson], upon conviction, to a fine and/or incarceration.

(2) [not checked.]

(3) That the matter be dismissed.

The second adjudicatory block, numbered (2) and unchecked by the general district court judge, provided: "that a copy of this determination be served on the respondent personally." Thompson accepted service by signing the order and was, in addition, personally served with a copy. That order was not appealed and became final.

On May 4, 1998, Thompson was arrested for driving after having been declared an habitual offender.

On November 17, 1998, the general district court judge entered an order nunc pro tunc January 13, 1998, wherein he erased the check in adjudicatory box number (3), which provided "that the matter be dismissed," and checked the box immediately above, directing "that a copy of this determination be served on the respondent personally."

On January 11, 1999, based upon the November 17, 1998 order, the trial court convicted Thompson of driving after having been declared an habitual offender, in violation of Code § 46.2-357.

The Commonwealth argues that the provision of the January 13, 1998 order ordering the matter dismissed was a correctable clerical error and that the general district court judge

-

inadvertently checked the wrong box, ordering that the matter be dismissed rather than that the order be served on Thompson.

Code § 8.01-428(B) provides:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Id.

The November 17, 1998 order makes no explanation for the changes to the January 13, 1998 order directed nunc pro tunc. Thus, the November 17, 1998 order sets forth no basis for concluding that the changes resulted from previous inadvertence or oversight, as distinguished from a change of mind or a perceived adjudicatory error. Thus, the November 17, 1998 order was ineffective to modify the January 13, 1998 order.

The January 13, 1998 order set forth two contradictory and mutually exclusive adjudications. On the one hand, it recited Thompson's determination to be an habitual offender and ordered the revocation of his driving privileges. On the other hand, it ordered the proceeding against him dismissed. Such an ambiguous order cannot be the predicate for the imposition of a legal

-

disability exposing a citizen to the hazard of a criminal conviction.

The judgment of the trial court is reversed, and the charge is ordered dismissed.

<u>Reversed and dismissed.</u>